UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| v. | NO. 07-243 |
| JARANGE DURR | SECTION "F" |

ORDER AND REASONS

Before the Court is a letter from Jarange Durr, which the Court construes as a request for reconsideration of this Court's July 15, 2019 Order reducing Durr's sentence pursuant to the First Step Act. For the reasons that follow, the motion is GRANTED in part and DENIED in part.

**Background**

Jarange Durr appeared before the Court for sentencing on June 26, 2008, after having pled guilty to two counts: (1) possession with the intent to distribute five grams or more of cocaine base and a quantity of cocaine hydrochloride, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 841(b)(1)(C); and (2) felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). In light of Mr. Durr's two prior convictions for felony drug offenses, the Sentencing Guidelines called for an imprisonment range of 262 to 327 months, and the Court sentenced him to 327 months imprisonment.

On April 18, 2019, Durr filed a motion to reduce his sentence pursuant to Section 404 of the First Step Act. In accordance with Chief Judge Brown's General Order, Durr's motion was reviewed by the First Step Act Screening Committee, which is comprised of an Assistant United States Attorney, an Assistant Federal Public Defender, and a Senior United States Probation Officer. All members of the Screening Committee agreed that Durr is eligible for a sentence reduction and that his modified Guidelines range is 188 to 235 months of imprisonment.

The Government, however, recommended a sentence at the top of the Guidelines range, which would be consistent with this Court's original sentence, while an Assistant Federal Public Defender supported Durr's request for a sentence below the Guidelines range, in the range of 151 to 188 months, considering Durr's limited misconduct while incarcerated. Agreeing with the Government that a sentence at the top of the modified Guidelines range was appropriate, the Court reduced Durr's term of imprisonment to 235 months in an Order dated July 15, 2019.

Two weeks later, the Court received a letter from Mr. Durr, requesting reconsideration of this Court's Order reducing his sentence. In his letter, Durr submits that the First Step Act Screening Committee erred in determining that a modified Guidelines range of 188 to 235 months applies to his case. Durr maintains that, as a career offender convicted of possession with

2

the intent to distribute less than 28 grams of cocaine base, his offense level is 32. A three-level decrease for acceptance of responsibility, in turn, produces a total offense level of 29. When coupled with his criminal history category of VI, Durr submits, the Guidelines call for an imprisonment range of 151 to 188 months. Durr further urges the Court that he should be sentenced at the lower end of the Guidelines range, in light of his poor health, need to support his teenaged daughter and elderly mother, and successful completion of countless courses during his incarceration.

I.

After considering Durr's letter, coupled with supplemental briefing from the Government and the Assistant Federal Public Defender enrolled in this matter, the Court finds that the Screening Committee correctly calculated Durr's modified Guidelines range, but that a revised sentence at the bottom (rather than the top) of the Guidelines range is appropriate.

A.

Following the enactment of the First Step Act, the statutory penalty for Mr. Durr's conviction on Count 1 is located in 21 U.S.C. § 841(b)(1)(C), which applies to violations of § 841(a)(1) involving less than 28 grams of crack. Pursuant to 21 U.S.C. § 841(b)(1)(C), Durr's conviction now carries a statutory penalty range of zero to 30 years of imprisonment, in light of his prior

conviction for a felony drug offense. As a result, Durr's career offender offense level is now 34 because the statutory maximum sentence for his offense is "25 years or more" but less than life imprisonment. See U.S.S.G. § 4B1.1(b)(2). Reducing this offense level by three points for acceptance of responsibility results in a total offense level of 31 and a Sentencing Guidelines range of 188 to 235 months.

In contending that his base offense level under § 841(b)(1)(C) is 32, resulting in a total offense level of 29 and a Guidelines range of 151 to 188 months, Durr overlooks that his career offender status elevates the statutory maximum for his offense to 30 years, which thereby elevates his career offender offense level to 34 under the Guidelines. Accordingly, the First Step Act Screening Committee (and this Court) correctly determined that Durr's modified Guidelines range is 188 to 235 months of imprisonment.

*B.*

However, after considering the factors of 18 U.S.C. § 3553(a) in light of new information contained in Mr. Durr's letter, the Court finds that a revised sentence at the bottom, rather than the top, of the applicable Guidelines range is appropriate.

Durr, who is now 45 years old, has served over 10 years in prison with no reported incidents of violence and has completed countless educational courses and rehabilitative programs. Moreover, as revealed in his letter, Durr suffers from chronic

4

kidney disease and is pre-diabetic. After this Court reduced Durr's sentence to 235 months, his release date was updated to June 14, 2026. Further reducing Durr's sentence to 188 months (the bottom of his currently applicable Guidelines range) would not result in his immediate release but would allow him to be released from prison in 2022. Because a prolonged term of imprisonment may exacerbate Durr's health conditions and interfere with his ability to support his teenaged daughter and elderly mother, the Court finds that a sentence of 188 months is appropriate.

Accordingly, for the foregoing reasons, IT IS ORDERED: that Durr's motion for reconsideration is GRANTED in part and DENIED in part; the defendant's previously imposed imprisonment sentence of 235 months as to Count 1 is hereby REDUCED to 188 months for a total imprisonment term of 188 months. All other provisions of the judgment dated 6/26/2008 and the Order for Sentence Reduction Pursuant to Section 404 of the First Step Act of 2018 shall remain in effect.

New Orleans, Louisiana, August 5, 2019

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE