UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| v. | NO. 07-243 |
| JARANGE DURR | SECTION: "F" |

ORDER AND REASONS

Before the Court is Jarange Durr's *pro se* motion for a sentence reduction under 18 U.S.C. § 3582(c) and the Coronavirus Aid, Relief, and Economic Security Act, Pub. L. No. 116-136. For the reasons that follow, the motion is DENIED.

**Background**

Jarange Durr is a career offender. Before he found himself in federal trouble, he stood convicted of six crimes, four of them for drug violations. In 2007, he pleaded guilty to possessing a firearm as a convicted felon and to possessing with intent to distribute cocaine hydrochloride. In 2008, the Court imposed concurrent custodial sentences of 327 months on the drug count and 120 months on the gun count. Supporting this stiff sentence was Durr's lengthy criminal history. At sentencing, the Court observed that Durr "has a very serious criminal history," and "no community should ever consider leniency" for him. The Court later reduced

1

Durr's sentence to 188 months imprisonment under Section 404 of the First Step Act. Durr is now housed at FCI Yazoo City-Medium, and his projected release date is March 20, 2023.

Durr suffers from chronic kidney disease and says his condition places him at a greater risk of developing a severe illness from COVID-19. He moves for a sentence reduction under 18 U.S.C. § 3582(c). Because all agree that Durr exhausted his administrative remedies within the Bureau of Prisons, the Court turns directly to the merits.

I.

Durr moves for a sentence reduction under 18 U.S.C. § 3582(c).[1] He is ineligible for one.

A.

Section 3582(c)(1) is straightforward. The Court may reduce Durr's prison term based on two findings: (1) "extraordinary and compelling reasons warrant" a reduction; and (2) a reduction is "consistent with applicable policy statements issued by the

---

[1] The First Step Act of 2018 amended 18 U.S.C. § 3582(c) to allow prisoners to move for compassionate release on their own behalf. See PUB. L. NO. 115-391, 132 STAT. 5239. Before the amendment, only the Director of the Bureau of Prisoners could move for compassionate release.

Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).[2] In so finding, the Court must "consider[] the factors set forth in section 3553(a) to the extent that they are applicable." Id. Durr has the burden of showing that a sentence reduction is warranted. See United States v. Jones, 836 F.3d 896, 899 (8th Cir. 2016).

1.

The first § 3582(c)(1) finding is easily made. The Government concedes that Durr's chronic kidney disease places him at a greater risk of developing a severe illness from COVID-19 and thus qualifies as an "extraordinary and compelling reason[]" for a sentence reduction. 18 U.S.C. § 3582(c)(1)(A).

2.

The Court cannot make the second § 3582(c)(1) finding. Although Durr can show "extraordinary and compelling reasons," the Court rejects the reduction he requests. As the Government explains, reducing Durr's 188-month sentence is *not* "consistent with applicable policy statements issued by the Sentencing Commission[.]" 18 U.S.C. § 3582(c)(1)(A).

The "applicable policy statement[]" is U.S.S.G. § 1B1.13. It provides, in part, that a court cannot reduce a defendant's

---

[2] Durr is ineligible for relief under sub-section (ii) because he is not "at least 70 years of age," and he has not "served at least 30 years in prison[.]" 18 U.S.C. 3582(c)(1)(A)(ii).

sentence under § 3582(c)(1)(A) unless the court finds that "[t]he defendant is not a danger to the safety of any other person or to the community[.]" U.S.S.G. § 1B1.13(2).

The Court cannot so find. Durr is a serial drug offender who has performed poorly in prison. He says he has "done an exceptional job with respect to rehabilitation," but his prison disciplinary record says otherwise: He has been sanctioned for disruptive conduct, possessing and introducing drugs and alcohol, assault, possessing unauthorized money, and absenteeism. And the last time he was released from prison, he promptly committed federal felonies. In support of his claim that he is no longer dangerous, he offers only the empty assurance that he is "ready to return to society." That will not do.

Because Durr fails to show that he "is not a danger to the safety of any other person or to the community," U.S.S.G. § 1B1.13(2), the Court finds that granting Durr a sentence reduction would *not* be "consistent with applicable policy statements issued by the Sentencing Commission[.]" 18 U.S.C. § 3582(c)(1)(A). Durr is therefore ineligible for a sentence reduction.

II.

Durr is ineligible for a sentence reduction under 18 U.S.C. § 3582(c) because reducing his sentence would clash with "applicable policy statements issued by the Sentencing Commission." Accordingly, IT IS ORDERED: that Durr's *pro se* motion for a sentence reduction is DENIED.

New Orleans, Louisiana, August 28, 2020

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE